IN THE UNITED STATES COURT OF FEDERAL CLAIMS

NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| JOSEPH CARL PAYNE, | ) ) ) | |
| Plaintiff, | ) ) | No. 22-898 C |
| v. | ) ) | Filed: August 22, 2022 |
| THE UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

On August 10, 2022, Plaintiff Joseph Carl Payne, proceeding *pro se*, filed a Complaint in this Court. Pl.'s Compl., ECF No. 1. Plaintiff, a retired postal worker, raises claims involving decades-old grievances against the United States Postal Service. *See generally id.* Although difficult to discern, based upon the Court's review, Plaintiff appears to challenge the Postal Service's failure to promote him. *Id.*

Plaintiff seeks to proceed *in forma pauperis* ("IFP"), *i.e.*, to proceed with this case without paying the $402 filing fee. Pl.'s Appl. to Proceed *In Forma Pauperis*, ECF No. 3. "Courts have discretion under 28 U.S.C. § 1915 to grant *in forma pauperis* status to litigants." *Colida v. Panasonic Corp. of N. Am.*, 374 F. App'x 37, 38 (Fed. Cir. 2010) (citing *Denton v. Hernandez*, 504 U.S. 25, 33–34 (1992)). This statutory provision "permits, but does not require, a court to allow a party to proceed without paying the requisite fees if 'the person is unable to pay such fees or give security therefor.'"[1] *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016)

---

[1] The language of § 1915(a)(1) requires the submission of "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Despite the reference to "prisoner" in § 1915(a)(1), a

(quoting 28 U.S.C. § 1915(a)(1)); *see Bryant v. United States*, 618 F. App'x 683, 685 (Fed. Cir. 2015) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)) ("Proceeding *in forma pauperis* . . . is a privilege, not a right."). "[T]he threshold for a motion to proceed *in forma pauperis* is not high." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007). A plaintiff, however, must support his request with an affidavit providing sufficient information, including a statement of all assets, showing his eligibility for IFP status. 28 U.S.C. § 1915(a)(1). It is left to the discretion of the presiding judge to determine, based on the financial information submitted, whether the plaintiff is "unable to pay such fees." *See Brestle v. United States*, 139 Fed. Cl. 95, 103 (2018).

Plaintiff's IFP Application is incomplete and, in some respects, vague. The Court understands that Plaintiff is retired and receiving pensions or retirement payments from both the Postal Service and the Army; however, it is unclear how much money he receives monthly from these sources or how much he possesses in checking or savings accounts. ECF No. 3 ¶¶ 2–4. He also receives veterans benefits, which according to a letter dated March 2016 total approximately $3,069 per month. *See id.* ¶ 3; Ex. to Pl.'s Compl. at 36, ECF No. 1-1. Plaintiff further indicates that he owns a pickup truck worth $15,000, as well as an SUV, and has two homes for which he pays in total $3,700 a month. ECF No. 3 ¶¶ 5–6. Plaintiff lists one dependent and appears to indicate that he recently paid off a debt of $50,000. *Id.* ¶¶ 7–8. Plaintiff also asserts that the Postal Service is "suppose[d] to pay court costs[,] not me." *Id.* ¶ 2(b).

As an initial matter, Plaintiff is incorrect regarding his obligation to pay the filing fee. "Parties filing actions in this court are required to pay the filing fee" unless granted IFP status.

---

"number of courts . . . have concluded that Congress did not intend for non-prisoners to be barred from being able to proceed *in forma pauperis* in federal court." *Brestle v. United States*, 139 Fed. Cl. 95, 102 n.6 (2018) (collecting cases).

*Brown v. United States*, 88 Fed. Cl. 795, 798 (2009) (citing 28 U.S.C. § 1926(a), and Rule 77.1(c), Rules of the United States Court of Federal Claims ("RCFC")). Likewise, Plaintiff must make an affirmative showing of his entitlement to proceed IFP. *See* 28 U.S.C. § 1915(a)(1); *Brestle*, 139 Fed. Cl. at 103 ("[W]hether to allow a plaintiff to proceed in forma pauperis is left to the discretion of the presiding judge, *based on the information submitted by the plaintiff or plaintiffs*.") (emphasis added)); *Taylor v. Supreme Ct. of NJ*, No. 06-5530, 2007 WL 9754090, at *1 (D.N.J. Jan. 19, 2007) (quoting *Thompson v. Pisano*, No. 06-1817, slip op. at 1 (3d Cir. Nov. 15, 2006)) (plaintiff has the "burden to 'provide the [Court] with the financial information it need[s] to make a determination as to whether he qualifie[s] for *in forma pauperis* status'"). Ordinarily, the Court would compare a plaintiff's income and expenses, as requested in the IFP application form, and consult the poverty guidelines produced by the Department of Health and Human Services as a measure of entitlement to IFP status. *See, e.g.*, *Moore v. United States*, 93 Fed. Cl. 411, 415 (2010) (granting plaintiff IFP status where "plaintiff's financial information demonstrate[d] an inability to meet existing financial demands, with very few liquid assets and an annual income level below the government established poverty line"); *Waltner v. United States*, 93 Fed. Cl. 139, 143 (2010) (same); *Fiebelkorn*, 77 Fed. Cl. at 63. Here, however, Plaintiff's total monthly income and expenses are unclear, and the Court cannot discern how much money Plaintiff has on hand in checking and savings accounts as he states only that money "comes in and out." *See* ECF No. 3 ¶ 4; *see id.* ¶¶ 2–3, 6.

The omission of this information notwithstanding, the Court finds that requiring Plaintiff to pay the filing fee would not constitute a "serious hardship." *Fiebelkorn*, 77 Fed. Cl. at 62. While Plaintiff's Application indicates that he has a dependent and expenses of an unknown total amount, it also indicates that he has three sources of income, owns two cars, and has two homes.

*See* ECF No. 3 ¶¶ 3, 5–6. Plaintiff's triple sources of income, combined with the apparent financial wherewithal to afford two cars and two homes, strongly suggest that not only is Plaintiff capable of paying the $402 filing fee, but that payment would not "impose[] undue financial hardship" such that relief from payment under § 1915(a)(1) is warranted. *Chamberlain*, 655 F. App'x at 825; *see, e.g.*, *White Horse v. United States*, No. 20-1624C, 2021 WL 1200727, at *2 (Fed. Cl. Mar. 30, 2021) (denying IFP status where plaintiff's income exceeded expenses by roughly $600 per month and annual income exceeded poverty guidelines). As such, the Court finds that Plaintiff has not demonstrated that he is entitled to IFP status and denies Plaintiff's Application accordingly.

The Court further notes that, based on its review, Plaintiff's Complaint appears to suffer from multiple defects. First, the Complaint is oftentimes illegible and lacks a coherent narrative that would permit one to understand the basic facts and legal basis for Plaintiff's claims such that Defendant could file a meaningful responsive pleading. *See Sledge v. Goodyear Dunlop Tires N. Am., Ltd.*, 275 F.3d 1014, 1018 n.8 (11th Cir. 2001) ("The failure of the plaintiff to identify his claims with sufficient clarity to enable the defendant to frame a responsible pleading constitutes shotgun pleading."). Plaintiff also appears to, at least in part, raise claims that, as of April 22, 2022, lacked a final decision from the Merit Systems Protection Board, *see Payne v. United States Postal Serv.*, No. 22-1419, 2022 WL 1197334, at *1 (Fed. Cir. Apr. 22, 2022), and over which this Court does not have jurisdiction, *see Manning v. United States*, No. 20-CV-1446C, 2021 WL 3469197, at *4 (Fed. Cl. Aug. 6, 2021), *aff'd*, No. 22-1025, 2022 WL 621048 (Fed. Cir. Mar. 3, 2022); *Taylor v. United States*, 73 Fed. Cl. 532, 540 (2006) (citing 42 U.S.C. § 2000e–5(f)(3)) (holding in *pro se* employment discrimination case that "Title VII [of the Civil Rights Act of 1964] provides for jurisdiction in the United States district courts, but not in the Court of Federal Claims"). Finally, many of the claims raised in the Complaint appear to have accrued (at the very

latest) over a decade ago, further placing into question this Court's jurisdiction on statute of limitations grounds. *See, e.g.*, ECF No. 1 at 2–3 (detailing grievance from 2008); *id.* at 4–9 (allegations ranging from late 1990s to 2008); *see Podlucky v. United States*, No. 22-1319, 2022 WL 2951461, at *1 (Fed. Cir. July 26, 2022) (citations omitted) (explaining that a claim brought in this Court "must be brought within six years of its accrual" and that such limitation "is jurisdictional and not subject to equitable tolling").

For these reasons, the Court finds that Plaintiff is not entitled to IFP status. Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 3) is **DENIED**. Plaintiff is **ORDERED** to pay the $402 filing fee on or before **September 21, 2022**. If Plaintiff fails to comply with this order, the Court will dismiss his case for failure to prosecute under RCFC 41(b). It is further **ORDERED** that the deadline for Defendant to respond to the Complaint is hereby **STAYED** pending further Court order.

**SO ORDERED.**

Dated: August 22, 2022                     */s/ Kathryn C. Davis*
                                           KATHRYN C. DAVIS
                                           Judge